UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE CZAJKA and
ALLISON MOSES, Individually
and on behalf of all others similarly
situated,

      Plaintiffs,

v.

LEVEL SALON, INC.,
a Florida Profit Corporation,
MARCUS C. NORRELL, and
REBEKAH B. NORRELL,

      Defendants.

_____/

CIVIL ACTION NO.

JURY TRIAL DEMANDED

## COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Stephanie Czajka ("Czajka") and Allison Moses ("Moses"), individually and on behalf of those similarly situated, brings this action against Defendants, Level Salon, Inc. ("Level Salon"), Marcus C. Norrell, and Rebekah Norrell, and allege as follows:

## NATURE OF SUIT

1.     This collective action concerns a hair salon, Level Salon, its President-Owner, Marcus Norrell, and Vice President-Owner, Rebekah Norrell, and its current and former stylist, including Plaintiffs and all similarly situated employees, from the

date of the filing of this Complaint until three years prior to such date (the "relevant time period") who worked over 40 hours a week in a position that is not exempt from the Fair Labor Standards Act ("FLSA") overtime requirements, but who were not properly compensated for the overtime hours they worked.

2.      Plaintiffs and all similarly situated employees bring this action for unpaid overtime under the FLSA (Count I).

## SUBJECT MATTER JURISDICTION

3.      This Court has jurisdiction over Plaintiffs' FLSA claim under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## VENUE

5.      Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

6.      Defendants conduct substantial and not isolated business in the Middle District of Florida.

7.      Defendants have agents and employees in the Middle District of Florida.

8.     Level Salon's Registered Agent is located in the Middle District of Florida.

## PARTIES AND PERSONAL JURISDICTION

9.     At all times relevant hereto, Plaintiff Czajka was an individual residing in Hillsborough County, Florida.

10.     At all times relevant hereto, Plaintiff Moses was an individual residing in Hillsborough County, Florida.

11.     Defendant Level Salon is a Florida Profit Corporation with a primary place of business located in Hillsborough County, Florida. Level Salon has two salon locations within Hillsborough County, Florida.

12.     Defendant Marcus Norrell is Level Salon's President and an Owner and, upon information and belief, resides in Hillsborough County, Florida.

13.     Defendant Rebekah Norrell is Level Salon's Vice President and an Owner and, upon information and belief, resides in Hillsborough County, Florida.

## FLSA COVERAGE

13.     From about September 2019 until about February 2022, Level Salon was Czajka's "employer" within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

14.     From about September 2019 until about February 2022, Czajka was an "employee" of Level Salon within the meaning of the FLSA.  29 U.S.C. § 203(e).

15.     From about January 2020 until about December 2021, Level Salon was Moses' "employer" within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

16.     From about January 2020 until about December 2021, Moses was an "employee" of Level Salon within the meaning of the FLSA.  29 U.S.C. § 203(e).

17.     During the relevant time period, Level Salon determined the rate and the method of payment for Plaintiffs and all similarly situated employees.

18.     During the relevant time period, Level Salon maintained some records regarding the time Plaintiffs and all similarly situated employees worked but failed to maintain complete and accurate time records in contravention of the FLSA's recordkeeping requirement.

19.     The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

20.     The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where those individuals exercise some supervisory authority over employees and are responsible in whole or in part for the alleged violation.  *See Id*.

21.     During the relevant time period, Defendant Marcus Norrell was Level Salon's President (an officer position) and an Owner.

22.     During the relevant time period, Defendant Marcus Norrell was involved in the day-to-day business operation of Level Salon.

23.     During the relevant time period, Defendant March Norrell was responsible for supervising Plaintiffs and all similarly situated employees at Level Salon.

24.     During the relevant time period, Defendant Marcus Norrell was responsible for the compensation or lack thereof paid to Plaintiffs and all similarly situated employees at Level Salon.

25.     During the relevant time period, Defendant Marcus Norrell had the authority to hire and fire Plaintiffs and all similarly situated employees at Level Salon.

26.     During the relevant time period, Defendant Marcus Norrell had the authority to direct and supervise the work of Plaintiffs and all similarly situated employees at Level Salon.

27.     During the relevant time period, Defendant Marcus Norrell had, upon information and belief, the authority to sign on the business' checking accounts, including payroll accounts, at Level Salon.

28.     During the relevant time period, Defendant Marcus Norrell had the authority to make decisions regarding employee compensation and capital expenditures at Level Salon.

29.     During the relevant time period, Defendant Marcus Norrell was responsible for the day-to-day affairs of Level Salon.

30.     During the relevant time period, Defendant Marcus Norrell was responsible for determining whether Level Salon complied with the Fair Labor Standards Act.

31.     During the relevant time period, Defendant Marcus Norrell controlled the pay structure and employment relationship of Plaintiffs and all similarly situated employees.

32.     As such, during the relevant time period, Defendant Marcus Norrell was the employer of Plaintiffs and all similarly situated employees within the meaning of 3(d) of the FLSA and is jointly, severally, and liable for all damages.

33.     During the relevant time period, Defendant Rebekah Norrell was Level Salon's Vice President (an officer position) and an Owner.

34.     During the relevant time period, Defendant Rebekah Norrell was involved in the day-to-day business operation of Level Salon.

35.     During the relevant time period, Defendant Rebekah Norrell was responsible for supervising Plaintiffs and all similarly situated employees at Level Salon.

36.    During the relevant time period, Defendant Rebekah Norrell was responsible for the compensation or lack thereof paid to Plaintiffs and all similarly situated employees at Leven One.

37.    During the relevant time period, Defendant Rebekah Norrell had the authority to hire and fire Plaintiffs and all similarly situated employees at Level Salon.

38.    During the relevant time period, Defendant Rebekah Norrell had the authority to direct and supervise the work of Plaintiffs and all similarly situated employees at Level Salon.

39.    During the relevant time period, Defendant Rebekah Norrell, upon information and belief, had the authority to sign on the business's checking accounts, including payroll accounts at Level Salon.

40.    During the relevant time period, Defendant Rebekah Norrell had the authority to make decisions regarding employee compensation and capital expenditures at Level Salon.

41.    During the relevant time period, Defendant Rebekah Norrell was responsible for the day-to-day affairs of Level Salon.

42.    During the relevant time period, Defendant Rebekah Norrell was responsible for determining whether Level Salon complied with the Fair Labor Standards Act.

43.    During the relevant time period, Defendant Rebekah Norrell controlled the pay structure and employment relationship of Plaintiffs and all similarly situated employees.

44.    As such, during the relevant time period, Defendant Rebekah Norrell was the employer of Plaintiffs and all similarly situated employees within the meaning of 3(d) of the FLSA and is jointly, severally, and liable for all damages.

## ENTERPRISE AND INDIVIDUAL COVERAGE

43.    During the relevant time period, Defendants were an "enterprise" within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

44.    During the relevant time period, Defendants were an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

45.    During the relevant time period, Defendants had at least two employees.

46.    During the relevant time period, Defendants had an annual gross business volume in excess of $500,000.00 per annum.

47.    During the relevant time period, Plaintiffs and all similarly situated employees were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## **WAGE VIOLATIONS**

48.     Defendants classified Plaintiffs and all similarly situated employees as non-exempt employees under the FLSA.

49.     Plaintiffs and all similarly situated employees were entitled to overtime pay for each hour worked over 40 in a single work week.

50.     Defendants had practice of scheduling Plaintiffs, and all similarly situated employees, for a set schedule each week, including 40 hours per week, but then expecting and pressuring them to come into work prior to the scheduled shift by at least 15 minutes to 30 minutes to perform certain work duties, including but not limited to preparing for customers to arrive and doing administrative work.

51.     Defendants had a practice of scheduling Plaintiffs, and all similarly situated employees, for a set schedule each week, including 40 hours per week, but then expecting and pressuring them to stay after their scheduled shift by at least 15 to 30 minutes to perform certain work duties, including but not limited to cleaning up and doing administrative work.

52.     Defendants had practice of scheduling Plaintiffs, and all similarly situated employees, for a set schedule each week, including 40 hours per week, but then expecting and pressuring them to come to certain work meetings that were scheduled outside their shift.

53.    Defendants knowingly and purposefully had a practice of not paying overtime pay to Plaintiffs and all similarly situated employees.

54.    The Plaintiffs regularly worked at least The Defendants rarely (if ever) paid overtime to Plaintiffs any all similarly situated employees, despite Plaintiffs and all similarly situated employees regularly working at least an average of 2.5 – 5 hours of overtime per week.

## COLLECTIVE ALLEGATIONS

55.    Plaintiffs brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. §216(b).

56.    Plaintiffs and similarly situated individuals work(ed) as hair stylist for Level Salon.

57.    The proposed collective is defined as follows:

All persons employed by Level Salon who meet each of the following criteria: (i) the employee's primary job duties were providing hair salon related services at Level Salon locations in Florida; (ii) the employee was non-exempt under the FLSA; (iii) the employee worked more than forty (40) hours in any one workweek between December 6, 2019, and December 6, 2022; and (iv) the employee was not paid at overtime rates as specified by law (the "Putative Collective")

58.    Defendants subjected Plaintiffs and all similarly situated employees to the same illegal practice policy by not paying Plaintiffs and all similarly situated

employees correct wages and overtime compensation.

59.     Defendants employed many hair stylists who were compensated in the State of Florida within the past three (3) years.

60.     Defendants pay/paid Plaintiffs and all similarly situated employees in the same manner.

61.     Plaintiffs and all similarly situated employees were not correctly paid for all hours worked, including overtime wages for all hours worked in excess of forty (40) hours.

62.     Defendants failed to keep accurate time and pay records for Plaintiffs and all similarly situated employees pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

63.     During the relevant period, Defendants violated the FLSA by improperly refusing to pay Plaintiffs and all similarly situated employees' wages for all hours worked, including those in excess of forty (40) hours per week.

64.     Defendants acted willfully in failing to pay Plaintiffs and all similarly situated employees in accordance with the law.

65.     Notice of this action should be sent to the members of the Putative Collective.  There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA and would benefit from a Court supervised notice of the lawsuit and the

opportunity to join the case.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

66.    Plaintiffs and all similarly situated employees have hired the undersigned law firm to represent him in this matter and are obligated to pay them reasonable fees and costs if they prevail.

## COUNT I: UNPAID OVERTIME IN VIOLATION OF THE FLSA (COLLECTIVE ACTION AGAINST ALL DEFENDANTS)

67.    Plaintiffs and all similarly situated employees incorporate paragraphs 1-66 by reference.

68.    Defendants' failure to pay Plaintiffs and all similarly situated employees time-and-a-half for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

69.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are compensated apply to Plaintiffs and all similarly situated employees in this matter.

70.    Defendants failed to keep adequate records of Plaintiffs and all similarly situated employees' work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

71.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a.  The time of day and day of the week on which the employees' work week begins;

    b.  The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c.  An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.  The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e.  The hours worked each workday and total hours worked each workweek;

    f.  The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g.  The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h.  The total additions to or deductions from wages paid each pay period, including employee purchase orders or wage assignments;

     i.   The dates, amounts, and nature of the items which make up the total additions and deductions;

     j.   The total wages paid each pay period; and

     k.   The date of payment and the pay period covered by the payment.

29 C.F.R. 516.2, 516.5.

72.    Defendants have not complied with federal law and have failed to maintain such records concerning Plaintiffs and all similarly situated employees.

73.    Because Defendants' records are inaccurate and inadequate, Plaintiffs and all similarly situated employees can meet their burden under the FLSA by proving that they performed work for which they were improperly compensated and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

74.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs and all similarly situated employees have been damaged in the loss of wages for one or more weeks of work with Defendants.

75.    Plaintiffs and all similarly situated employees are entitled to recover their unpaid overtime compensation.

76.     Plaintiffs and all similarly situated employees are also entitled to an amount equal to all their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

77.     Plaintiffs and all similarly situated employees are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs individually and on behalf of the Putative Collective, respectfully request that this Court:

i.      Designate of this action as a collective action on behalf of Plaintiffs and those similarly situated, and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

ii.     Enter judgment that Plaintiffs and the Putative Collective are non-exempt employees entitled to protection under the FLSA;

iii.    Enter judgment against Defendants for violations of the overtime and record keeping provisions of the FLSA and award an amount equal to Plaintiffs' and the Putative Collective's unpaid back wages at the applicable overtime rates, including all pre- and post-judgment interest;

iv.     Find that Defendants' violations of the FLSA are willful;

v.      Award Plaintiffs and the Putative Collective liquidated damages;

vi.     Award Plaintiffs and the Putative Collective all costs and attorneys' fees incurred prosecuting this claim; and

vii.    Grant such other and further relief, in law or equity, as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all issues so triable.


Dated: December 6, 2022

<div style="margin-left:40%">

*/s/ William J. Cantrell*
**WILLIAM J. CANTRELL**
Florida Bar No. 103254
Email: wcantrell@premierlitigators.com
**ALISSA A. KRANZ**
Florida Bar No. 112050
Email: akranz@premierlitigators.com
Secondary: lcaulder@premierlitigators.com
**CANTRELL ASTBURY KRANZ, P.A.**
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: (877) 858-6868

</div>